UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEMI C.[1],

                                        Plaintiff,

            -v-                                                    CIVIL ACTION NO.: 24 Civ. 1068 (SLC)

                                                                   **OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

## I. **INTRODUCTION**

Before the Court is the motion of Robert C. Buckley, Esq. ("Buckley"), counsel for Plaintiff

Noemi C. ("Plaintiff"), for attorneys' fees in the amount of $20,496.50 pursuant to a contingency

fee agreement and Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1) (the "Act").

(Dkt. No. 17 (the "Motion")).  For the reasons set forth below, the Motion is GRANTED.  The Court

awards attorneys' fees to Buckley in the amount of $20,496.50 under Section 406(b) and orders

Buckley to refund to Plaintiff $8,252.50 in attorneys' fees previously awarded under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. **BACKGROUND**

On February 14, 2024, Plaintiff filed this action seeking judicial review of the decision of

the Commissioner of Social Security (the "Commissioner") denying her application for disability

income benefits.  (Dkt. No. 1).  Buckley represented Plaintiff in both this action and at the agency

---

[1]In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and followed by other judges in this District, we refer to Plaintiff only by her first name and last initial.

level.  (Dkt. No. 17 ¶ 5).  Plaintiff and Buckley entered a contingency retainer agreement providing that Buckley would receive 25% of any past-due benefits awarded to Plaintiff.  (Dkt. No. 17-3 (the "Agreement")).  If Plaintiff were ultimately unsuccessful in her pursuit of benefits, Buckley would receive nothing under the Agreement.  (Id. at 3).  The parties consented to Magistrate Judge jurisdiction (Dkt. No. 9), and on April 15, 2024, the Commissioner filed the administrative record.  (Dkt. No. 10).  On May 9, 2024, Plaintiff filed her motion for judgment on the pleadings.  (Dkt. No. 11).  On May 15, 2024, the parties stipulated to remand the action to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  (Dkt. No. 13).  On May 31, 2024, the parties stipulated an award to Buckley of attorneys' fees in the amount of $8,252.50 pursuant to the EAJA.  (Dkt. No. 16 (the "EAJA Fees")).

Following remand, Plaintiff received from the Commissioner a Notice of Award letter, dated September 18, 2025, informing her that she was found to be disabled and entitled to past-due benefits of $84,486.00.  (Dkt. No. 17-2 (the "Award Letter")).[2]  Of the $84,486.00 owed to Plaintiff, the Commissioner withheld $20,496.50 in anticipated attorneys' fees pursuant to Section 406(b).  (Dkt. Nos. 17 ¶ 4; 17-2 at 1–2).

On September 26, 2025, Buckley filed the Motion, requesting attorneys' fees pursuant to Section 406(b) in the amount of $20,496.50 for 34.1 hours representing Plaintiff.  (Dkt. No. 17; see Dkt. No. 17-1).  On November 24, 2025, the Commissioner filed a response neither opposing nor supporting the Motion.  (Dkt. No. 20).

---

[2] The Award Letter does not contain the total award to Plaintiff, but the Court calculated the total amount of the award using the monthly payments in the Award Letter as follows: ($2,175 x 2 months) + ($2,364 x 12 months) + ($2,439 x 12 months) + ($2,500 x 9 months) = $84,486.  (See Dkt. No. 17-2 at 1).

## III. DISCUSSION

### A. Legal Standard

Section 406(b) of the Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should evaluate the agreement for reasonableness.  See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[3]

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney."  Fields, 24 F.4th at 849, 853.  To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."  Id. at 854.  Courts should consider:  (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took

---

[3] Internal case citations and quotation marks are omitted unless otherwise indicated.

to achieve that result." Id. at 854–55.  A district court may reduce the amount provided for in a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors.  Id. at 852–53; see Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields factors), adopted by, 2023 WL 4649389 (S.D.N.Y. July 20, 2023); Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the lesser of the two awards. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

## B. Application

### 1. Timeliness

As a threshold matter, Buckley filed the Motion eight days after the Commissioner mailed the Award Letter to Plaintiff, who then e-mailed Buckley photos of the first three pages of the Award Letter.  (See Dkt. Nos. 17 ¶ 4; 17-2).  Accordingly, the Motion is timely.  See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

### 2. **Reasonableness**

The Agreement contemplates that Buckley will receive as attorneys' fees 25% of Plaintiff's past-due benefits under Section 406(b).  (Dkt. No. 17-3 at 1–2).  The Requested Fees do not exceed the statutory cap in Section 406(b), there are no allegations of fraud or overreaching with respect to the Agreement, and the record does not reflect any purposeful delay by Buckley.  (See generally Dkt. Nos. 17; 17-1).  In addition, through Buckley's representation, Plaintiff "obtained positive results" in the form of an award of $84,486.00 in past-due benefits.  (See Dkt. No. 17-2 at 1).  See Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1, 2023) (noting that counsel "obtained positive results" for client by "securing a remand to the Commissioner" and winning past-due benefits).

We thus turn to the only remaining question:  whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]"  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).  Our analysis turns not solely on the de facto hourly rate but also on the four Fields factors.  See Fields, 24 F.4th at 854–55.  Here, Buckley seeks less than 25% of Plaintiff's past-due benefits, $20,496.50.[4]  (See Dkt. Nos. 17; 17-2).  Buckley affirms that he performed 34.1 hours of work over the course of his representation, resulting in an effective hourly rate of $601.07.[5]  (Dkt. No. 17 ¶¶ 6, 8).  As set forth below, the Fields factors weigh in Buckley's favor, and we find the amount of the Requested Fees to be reasonable.

First — "the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854 — courts in the Second Circuit have found that "attorneys are

---

[4] $84,486.00 total award x .25 = $21,121.50.
[5] $20,496.50 / 34.1 hours = $601.07.

generally compensated for twenty to forty hours of work in routine Social Security benefits cases." Molina v. Saul, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021). Here, Buckley requests compensation for 34.1 hours of work and supports his request with a time sheet detailing the dates, hours expended, and description of the work he performed. (Dkt. No. 17-1). We have reviewed the time records and find that the documented hours were spent primarily litigating this action, including reviewing the administrative record and drafting the motion for judgment on the pleadings. (See id.)

In addition, Buckley's efforts were successful in that the case was remanded to the Commissioner for further proceedings, which led to a total award of past-due benefits to Plaintiff of $84,486.00. (See Dkt. No. 17-2 at 1). Further, we join other courts in this Circuit acknowledging Buckley's skill and experience in Social Security cases. See McEneany v. Comm'r of Soc. Sec., No. 21 Civ. 10370 (LGS) (SLC), 2023 WL 9796621, at *3 (S.D.N.Y. Nov. 17, 2023) (stating that "Buckley's advocacy in this action was professional and effective"); Martinez v. Comm'r of Soc. Sec., No. 20 Civ. 4754 (PKC), 2025 WL 2300110, at *3 (E.D.N.Y. Aug. 8, 2025) (recognizing Buckley's experience in Social Security disability cases, "having handl[ed] such cases since 2009"). Therefore, we find that the hours Buckley spent on this action in light of his experience are reasonable. See Cutatajar v. Comm'r of Soc. Sec., No. 19 Civ. 5569 (SDA), 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021) (finding 39.5 hours reasonable); Stern v. Colvin, No. 16 Civ. 4250 (LAP) (KHP), 2020 WL 8678087, at *1 (S.D.N.Y. Oct. 8, 2020) (finding 39.1 hours reasonable), adopted by, 2021 WL 797646 (S.D.N.Y. Mar. 2, 2021); Rita M.B. v. Berryhill, No. 16 Civ. 262 (DEP), 2018 WL 5784101, at *7 (N.D.N.Y. Nov. 5, 2018) (finding 45.4 hours reasonable).

Second — "the nature and length of the professional relationship with the client — including any representation at the agency level[,]" Fields, 24 F.4th at 855 — we note that Buckley represented Plaintiff at both the agency and federal levels. (Dkt. No. 17 ¶ 5). This indicates a more extensive relationship that may have enabled Buckley to advocate for Plaintiff more efficiently and effectively before this Court. See Fields, 24 F.4th at 855 ("It is quite likely that the significant investment of time and effort in [plaintiff's] case at the agency level further enabled [plaintiff's counsel] to operate with efficiency in the federal courts."). Therefore, this factor does not warrant a downward adjustment.

Third — "the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855 — Buckley "achieved a desirable result for Plaintiff." Munoz, 2023 WL 5310742, at *3. Although Plaintiff has not submitted any statement regarding the Motion, she received a substantial award of past-due benefits. (See Dkt. No. 17-2 at 1). Thus, this factor does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4.

Fourth — "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855 — when Plaintiff retained Buckley in 2024, achieving a substantial award of past-due benefits was not certain. Plaintiff had litigated her claims for two years before filing this action, without success. (See Dkt. No. 1 ¶¶ 5–8). Under these circumstances, we infer that Buckley's skills and experience were important factors in securing a favorable result for Plaintiff. See Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *3 (S.D.N.Y. June 5, 2023) (finding uncertainty where claimant's application for benefits had been denied at agency level); Demola v. Comm'r of Soc. Sec., No. 18 Civ. 5281 (FB), 2023 WL 2914941, at *1 (E.D.N.Y. Apr. 12, 2023) (finding uncertainty where claimant's

7

application for benefits had been denied at agency level). Thus, this factor does not warrant a downward adjustment.

None of the Fields factors support a finding that the Requested Fees would constitute a windfall to Buckley, nor does the resulting de facto hourly rate of $601.07 — which, in any event, is not dispositive, see Fields, 24 F.4th at 854 — fall outside the range of de facto hourly rates that other courts in this Circuit have approved. See, e.g., Stern, 2020 WL 8678087, at *1 (finding $558.72 hourly rate was reasonable); Janes v. Saul, No. 18 Civ. 5054 (GBD) (SDA), 2020 WL 7029173, at *3–4 (S.D.N.Y. July 28, 2020), adopted by, 498 F. Supp. 3d 540 (S.D.N.Y. 2020) (collecting cases approving de facto hourly rates between $456.29 and $722.04 and finding $690 hourly rate was reasonable).

Buckley must, however, on receiving an award of fees pursuant to Section 406(b), refund the EAJA Fees ($8,252.50) to Plaintiff. See Wells v. Bowen, 855 F.2d at 48; Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED. Buckley is awarded attorneys' fees of $20,496.50 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

Buckley is ORDERED, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (a) refund to Plaintiff the $8,252.50 in attorneys' fees previously awarded under the EAJA, and (b) file on the docket a declaration confirming that refund.

The Clerk of the Court is respectfully directed to close Dkt. No. 17.

Dated:        New York, New York
              April 20, 2026                    SO ORDERED.

*[signature]*
SARAH L. CAVE
**United States Magistrate Judge**